IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAY SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0021 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

On January 23, 2003, petitioner RAY SMITH filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of Disciplinary Case No. 20020169960, which occurred on or about March 2, 2002. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

Respondent Dretke has lawful and valid custody of petitioner pursuant to a judgment and sentence out of the 179th Judicial District Court of Harris County, Texas. Petitioner was convicted of the offense of unauthorized use of a motor vehicle for which he was sentenced to a term of twenty-five (25) years imprisonment in the Texas Department of Criminal Justice, Correctional

---

[1]The previously named respondent in this action was Janie Cockrell who has since been succeeded by Douglas Dretke as Director of the Texas Department of Criminal Justice, Institutional Division. Under Federal Rule of Civil Procedure 25(d)(1), Douglas Dretke "is automatically substituted as a party."

Institutions Division. On March 6, 2002, petitioner was accused, in Disciplinary Case No. 20020169960 with the offense of assault of an officer. On March 8, 2002, a disciplinary hearing was held, and the Hearing Officer found petitioner guilty of the charged offense and assessed punishment to include a 45 day recreation, commissary, and property restriction, 45 day cell restriction, and the loss of 100 days of good time credits. Following the guilty finding in the disciplinary proceeding, petitioner filed a Step 1 grievance on March 1, 2002, such being denied on April 17, 2002 for the following reasons,

> Disciplinary report #20020169960 and all related investigative documentation has been reviewed. The case was presented to a fair and impartial hearing officer. Ms. Stewart [counsel substitute] did obtain statements, which were presented at the hearing. There were no procedural errors noted. The decision of the hearing officer shall stand as rendered. No action will be taken from this office.

(*See* respondent's answer, Exhibit C at 2). Petitioner then filed on April 24, 2002, a Step 2 grievance which was denied May 16, 2002 for the following reasons:

> Major case #20020169960 has been reviewed by this office. Sufficient evidence was provided to support the guilty verdict. The counsel substitute compiled all of your written statements and they are included in the hearing record. The hearing officer has the discretion of deciding what questions you may ask based on their relevancy. There were no procedural errors. The punishment was within agency guidelines. There is no valid reason to rehear or overturn this case. No action is warranted.

(*See* respondent's answer, Exhibit C at 4).

## II.
## GROUNDS

In support of his contention that prison officials violated his due process rights in Disciplinary Case No. 20020169960, the undersigned understands petitioner to present the following grounds:

1. Counsel substitute was ineffective for failing to interview petitioner's witnesses

before the disciplinary hearing;

2. Petitioner was denied the right to cross-examine the charging officer or other witnesses, specifically, petitioner was not allowed to present all his cross-examination questions; and

3. Petitioner was denied the right to review video surveillance evidence and denied the right to inner (sic) [presumably "enter") evidence.

## III.
## MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted). The Due Process Clause of the United States Constitution does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

To the extent, petitioner SMITH is challenging the loss of property, recreation and commissary privileges, and cell restrictions, such claims do not present grounds for federal habeas corpus review. The Due Process Clause of the United States Constitution is not implicated by these changes in the conditions of petitioner's confinement. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Only liberty interests, whether inherent or state-created, are protected by the Due Process Clause. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). These liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, *Sandin*, 515 U.S. at 484, or state created regulations or statutes which affect the *quantity* of time rather than the *quality* of time served by a prisoner. *Madison*, 104 F.3d at 767.

Loss of Good Time Credits

Petitioner lost 100 days of good time credits. Petitioner states he is eligible for mandatory supervision release. There is no inherent right to good time credit. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Whether designated "good time" or "work time" credits, these credits do not become vested. *Ex parte Morris*, 626 S.W.2d 754, 757 (Tex.Crim.App. 1982). However, when a state creates a right to good time credits and the revocation of good time credits is an authorized sanction for misconduct, the prisoner's interest in those credits is "embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that his state created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768; *Wolff, supra*. Therefore, petitioner has a legitimate and cognizable interest herein, and prisoner is entitled to those minimum procedures appropriate under the circumstances and as required by the due process clause to insure that this state-created right is not arbitrarily abrogated.

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required. Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or

correctional goals. *Wolff*, 418 U.S. at 563-566.

In addressing these type of cases, the Fifth Circuit has declared that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

Viewing the evidence in the light most favorable to the state established that petitioner committed the offense of assault on an officer. Petitioner alleges, however, the prison failed to allow him to properly cross-examine the witnesses by asking all of his prepared questions. As articulated by respondent, the record does not support petitioner's argument. Petitioner was allowed to present some of his questions, *i.e.*, those deemed to be relevant or non-repetitive by the Hearing Officer. As stated by prison officials in response to petitioner's Step 2 grievance, "The counsel substitute compiled all of your written statements and they are included in the hearing record. The hearing officer has the discretion of deciding what questions you may ask based on their relevancy. There were no procedural errors." The Court agrees.

Petitioner also argues he was denied the right to review evidence, specifically a video surveillance tape. According to respondent, petitioner failed to request this evidence prior to the hearing. (*See* respondent's answer, Exhibit B at 14). Petitioner cannot complain he was denied the right to review any such tape when he did not request it. To the extent petitioner requested to view the tape at the hearing, as stated *supra*, such would have been within the discretion of the Hearing Officer. Such claim is without merit.

Finally, petitioner has argued he received ineffective assistance from his counsel

substitute because counsel substitute did not interview his witnesses. The guarantees to due process provided by *Wolff* make it clear that inmates do not have a right to either retained or appointed counsel in disciplinary proceedings. *Wolff*, 418 U.S. at 570. In any event, several witness statements appear in the record provided by respondent, including at least one provided to the disciplinary committee from counsel substitute Stewart. (*See* respondent's answer, Exhibit B at 13). Petitioner's claim is without merit.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RAY SMITH be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of May 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).